IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Matt Jenkins,
Plaintiff,

v.

Case No. 5:11-CV-59

G.C Services Limited Parnership,
Defendant,

**PLAINTIFF'S MOTION TO COMPEL**

The Plaintiff, Matt Jenkins, by and through the undersigned counsel, and pursuant to FED. R. CIV. P. 26(g) and FED. R. CIV. P. 37(a) hereby moves the Court for an Order to compel Defendant to provide truthful and complete Rule 26 (a) initial disclosures, to overcome Defendants objections and to completely and truthfully answer Plaintiff's First Set of Interrogatories and First Request for Production . In support, Plaintiff states as follows:

**I. DEFENDANTS INCOMPLETE INITIAL DISCLOSURES**

1. Rule 26(a)(1)(A)(i) states: *In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information…*

and Rule 26(g)(3) allows for the award of sanctions against the violating party:

*Rule 26(g)(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.*

and Rule 37(a) treats incomplete disclosures as a failure to respond:

*Rule 37(a)(4)  Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.*

2. Defendant provided Plaintiff with their Rule 26(a) initial disclosures on or about August 30, 2011. (*see Exhibit A*). Initial disclosure #1 requires the Defendant to list:

*1(a). the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;*

Defendant responded with:

a. Karl Malkowski. Evonne Ruiz, Monica Alexander, Michelle Gardner, Mike Sullivan, Paul Grover, Jason Swaney, Lewis Rubin, Natasha Sullivan, and Robert Lord are employees of GC Services Limited Partnership. All have familiarity with the plaintiff's account and GC Services Limited Partnership's efforts to collect upon it.

3. The Defendant's response to this disclosure was intentionally limited to providing some but not all of Defendant's employee's that had knowledge of the Plaintiff's account with G.C. and their attempts to collect upon it.

4. Prior to providing an Answer to the Complaint, in an effort to amicably resolve the matter between the parties, the Plaintiff provided counsel for the Defendant a recorded conversation between the Plaintiff and the Defendant wherein the Defendant's representative identified himself as "William", admitting that Plaintiff's telephone number was in the Defendant's autodialing system and acknowledging that the Defendant was spoofing their caller i.d. Nowhere in the Defendants disclosures do they identify this individual and instead have intentionally omitted his identity thereby making it impossible for the Plaintiff to locate this individual and subpoena him for a deposition, if necessary.

5. Additionally, in response to Defendant's first discovery requests, the Plaintiff provided recorded messages left by the Defendant on the Plaintiff's voice mail and the aforementioned recorded conversation between the Plaintiff and the Defendant. In reviewing the Defendants supplemental discovery responses (*see Exhibit B*) that were provided on February 10, 2012, the Defendants Account Detail Listing *(Exhibit E pp 11-12, 16-18*) reflect the names or aliases of additional individuals that were involved in collection attempts against the Plaintiff that the Defendant has failed to disclose. Upon

information and belief, these are individuals that left the violative messages complained of by the Plaintiff as well as including the true name of the individual that the Plaintiff spoke with who had previously identified himself as "William". These previously undisclosed names or aliases include but are not limited to: *J. McLaughlin, R. Watts, L. Madyun, M. Jones, G. Ayala, P. Samaniego, T. Gray, and P. Chhun,*

6. The Defendant has chosen to purposely omit the identification of **all** of their employees involved in their collection attempts against the Plaintiff as required by rule. The Plaintiff is entitled to have this information for the issuance of subpoena's, if necessary.

7. The Defendant cannot claim in good faith that they provided truthful and complete responses in their initial disclosures to the Plaintiff. The Defendant's own account detail listing identifying their additional employees was created on May 16, 2011, ***more than 3 months*** before the Defendant provided their disclosures. One can only surmise as to the real reason for the Defendant's deliberate omission in identifying all of their employees that were responsible for leaving the messages complained of by the Plaintiff.

8. Therefore, pursuant to Rule 37(3)(A), Plaintiff moves for an order to compel Defendant to provide full and complete disclosures as well as sanctions for having to bring this motion.
.

## II. Discovery Requests and Objections in Dispute

9. On October 18, 2011 Defendant provided responses to Plaintiff's first discovery requests. (See Exhibit C)

10. On January 20, 2012, counsel for Plaintiff sent Defendant a letter informing them that their objections and responses to Plaintiff's first discovery requests were unfounded and insufficient. (*See Exhibit D*)

11. On February 10, 2012, the Defendant provided supplemental responses to the Plaintiff's first discovery requests. (*see Exhibit B and E*).

12. The following interrogatories and request for production responses are still in dispute:

**Interrogatory #1:**
*Identify the dates and the time of day, in Eastern Standard Time, that You made telephone calls to the telephone number (562)882-0300 during the subject time frame.*

**Defendants' Response:**
*The answer to this interrogatory may be determined by a review of the defendant's Account Detail Listings and the Call Detail Search regarding the account at issue. The same are attached hereto as a portion of Exhibit "A" and incorporated herein by reference.*

**Plaintiff's Reasoning:**

Plaintiff simply requests that the Defendant list the date and times that the Defendant placed calls to the Plaintiff's telephone. In lieu of listing the dates and times, the Defendant has responded, pursuant to Fed.R.Civ.P. 33(d), by producing their business records, submitted as *Exhibit "B"* to the present motion. The documents contain coded notations that make it impossible to understand the complete content. The interrogatory is straightforward. The Defendant, who presumably understands its own notations, should be able to answer the interrogatory in a narrative fashion with minimal burden. On the other hand, the burden is proportionally greater on the Plaintiff to decipher the various unfamiliar notations in the document. (*See White v. GC Servs. Ltd. P'ship, 2009 U.S. Dist. LEXIS 4735) Granting Plaintiff's Motion to Compel.*

Furthermore the account records provided by the Defendant are incomplete. The Defendant claims to have been collecting on 2 accounts, one ending in 5167 and the other ending in 0471. The Defendant has provided a Call Detail Listing for the account ending in 5167 but intentionally failed to provide the Call Detail Listing for the account ending in 0471, presumably for the purpose of limiting their liability under the TCPA claims. The Defendant needs to provide the Call Detail Listing for the account ending in 0471.

13. **Interrogatory #2:**
*Identify the dates and the time of day, in Eastern Standard Time, that You made telephone calls to the telephone number (562)882-0300 using an automatic telephone dialing system or made with an artificial or prerecorded voice.*

**Defendants' Response:**
*The answer to this interrogatory may be determined by a review of the defendant's Account Detail Listings and the Call Detail Search regarding the account at issue. The same are*

*attached hereto as a portion of Exhibit "A" and incorporated herein by reference.*

**Plaintiff's Reasoning:**
Discussed *supra*

14. **Interrogatory #3:**
*Identify in detail, for the issuance of a subpoena, all employees or agents of the Defendant who were associated with any call placed to the telephone number (562)882-0300 during the subject time frame.*

**Defendants' Response:**
*See Defendant's Initial Disclosures No. 1(a) and (d)*

**Plaintiff's Reasoning:**
Defendant intentionally provided incomplete disclosures. Discussed *supra*.

15. **Request for Production #7**.
*Provide a copy of all agreements for the collection of debts between you and the alleged creditor(s) of the account(s) that you were attempting to collect from the Plaintiff.*

**Defendants' Response:**
*OBJECTION. The request requires the production of information that is not calculated to lead to the discovery of admissible evidence and that is confidential and proprietary.*

**Plaintiff's Reasoning:**
The Defendant has provided a boilerplate objection that the information sought is not calculated to lead to discoverable evidence along with a claim that the information sought is confidential and proprietary, yet the Defendant fails to specify how this information is confidential and proprietary . The Plaintiff proposes that it is not and further proposes that the information sought is relevant to the claims of the Plaintiff. The Plaintiff alleged that the Defendant violated the Fair Debt Collection Practice Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). The agreement between the Defendant and their client may lead to the discovery of relevant information as it may establish the procedures that the Defendant was required by its client to follow in the course of the collection of the Plaintiffs accounts. These procedures are relevant for four reasons.

First, the Defendant has asserted the bona fide error defense in its answer. If Defendant's contractually mandated procedures were violated, Defendant's conduct

may be seen as intentional. Whether the violations were intentional are a factor in determining damages under the FDCPA. See 15 U.S.C. §1692k.

Second, any procedures established by the contract may have a bearing on Defendant's bona fide error defense. A requirement of the bona fide error defense is the existence of reasonable procedures designed to prevent the violation alleged to have occurred.

Third, the agreement may establish that Defendant did or did not have authority from its client to use an automatic telephone dialing system to telephone Plaintiff to collect the debt allegedly due from Plaintiff to Defendant's client. Plaintiff has alleged that Defendant used an automatic telephone dialing system to place telephone calls to Plaintiff's cellular telephone in violation of the TCPA. If the agreement prohibits or restricts Defendant's use of an automatic telephone dialing system, that may be a factor in determining damages under the TCPA. The TCPA provides for minimum statutory damages of $500.00 per violative call and up to $1,500.00 per violative call if the violations are shown to be "willing or knowing". Contractual restrictions or prohibitions on Defendant's use of an automatic telephone dialing system could show that the violations were willing or knowing.

Finally, the agreement may show whether or not the Defendant had authorization from anybody to collect on Plaintiff's accounts.

### Certification of Attempt at Informal Resolution

16. The undersigned counsel certifies that a good faith attempt to resolve this matter was made prior to filing the instant motion.

**Wherefore,** Plaintiff requests an order compelling the Defendant to file complete and truthful responses to Plaintiff's discovery requests and Rule 26 initial disclosures not later than ten days after being ordered to do so. Plaintiff further requests that this court impose appropriate sanctions and award the reasonable attorney fees incurred by virtue of Plaintiff's necessity in bringing the instant motion.

Dated: February 16, 2012.

Respectfully submitted,

/s/ W. Andrew LeLiever
W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 206
Raleigh, NC 27601
Telephone: 919-906-4687
lelieverlaw@hotmail.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing Plaintiff's Motion to Compel with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Caren D. Enloe
MORRIS MANNING & MARTIN, LLP
P.O. Box 12768
Research Triangle Park, NC 27709
*Counsel for the Defendant*


Dated: February 16, 2012.

                                          By:    /s/ W. Andrew LeLiever
                                                       W. Andrew LeLiever
                                                       N.C. State Bar No: 37384
                                                       LELIEVER LAW, P.A.
                                                       5 W. Hargett St., Ste. 206
                                                       Raleigh, NC 27601
                                                       Telephone: 919-906-4687
                                                       Email: lelieverlaw@hotmail.com
                                                       *Counsel for Plaintiff*