IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-059-RLV-DCK

| | |
|---|---|
| MATT JENKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>G.C. SERVICES, LIMITED PARTNERSHIP, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion To Compel" (Document No. 10) and "Defendant's Motion To Compel..." (Document No. 12). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are now ripe for disposition. Having carefully considered the motions and the record, the undersigned will grant the motions in part, and deny the motions in part.

### I. BACKGROUND

Plaintiff Matt Jenkins ("Plaintiff") filed his "Complaint" (Document No. 1) initiating this lawsuit on April 28, 2011. Plaintiff seeks damages and injunctive relief from Defendant G.C. Services, Limited Partnership ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*; and Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers, N.C.Gen.Stat. § 58-70, for telephone calls and text messages allegedly sent to his cellular telephone by Defendant. (Document No. 1, pp.1-2).

The "Answer Of The Defendant" (Document No. 5) was filed on July 12, 2011. The parties filed a "Proposed Joint Discovery Plan" (Document No. 7) on August 8, 2011, and based on that

document, the Court entered its "Pretrial Order And Case Management Plan" (Document No. 8) on August 10, 2011. The current discovery deadline is May 31, 2012; the mediation deadline is June 15, 2012; and the dispositive motions deadline is July 6, 2012. (Document No. 20).

"Plaintiff's Motion To Compel" (Document No. 10) was filed February 16, 2012, and "Defendant's Motion To Compel..." was filed March 1, 2012. As of March 26, 2012, these motions were fully briefed and ripe for disposition.

## II. DISCUSSION

**A. Plaintiff's Motion To Compel**

1. Initial Disclosures

Plaintiff's first contention is that Defendant failed to fully comply with Fed.R.Civ.P. 26(a)(1)(A)(i) by intentionally limiting the names it provided. (Document 10, p.2). The Rule states in pertinent part that a party must provide to other parties: "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--*that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(i) (emphasis added).

Plaintiff argues that Defendant was obligated to provide information on "*all* of Defendant's employees that had knowledge of the Plaintiff's account with G.C. and their attempts to collect upon it," without regard to whether Defendant might use those persons "to support its claims or defenses." (Document 10, p.2) (emphasis added). Plaintiff cites no authority to support his position, but concludes that Defendant's response is deficient. (Document Nos. 10 and 18).

The undersigned is not persuaded that Defendant's initial disclosure was deficient as to the individuals it identified pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i). To the extent Defendant has thus far failed to provide the required additional information it knows regarding the identified individuals

2

it may use to support its claims or defenses, it should do so on or before **April 20, 2012**.

    2. Interrogatories #1 and #2

Next, Plaintiff contends that Defendant has failed to file a complete response to his first and second interrogatories, including the dates and times Defendant placed calls to Plaintiff's telephone, and calls regarding both an account ending in 5167 and another ending in 0471. (Document No. 10, p.4). Defendant contends that it has provided the requested information and further provided "a supplemental narrative response to interrogatories number 1 and 2." (Document No. 14, pp.6-7). In reply, Plaintiff asserts that Defendant has still failed to provide a proper response that reflects all calls, including abandoned calls, and the dates and time of day of the calls, in Eastern Standard Time, to his telephone number during the subject time frame (the four years prior to the filing of the complaint).

The undersigned finds that the requested information is relevant, and to the extent full responses have not yet been provided, Defendant shall do so on or before **April 20, 2012**. That is, Defendant shall show Plaintiff all calls it made to the telephone number (562) 882-0300 during the four years prior to the filing of this lawsuit, and must indicate the time and date each call was made and whether it was made by a person or by using an automatic telephone dialing system or an artificial or prerecorded voice. Finally, Defendant shall clearly inform Plaintiff what time zone its records reflect so that Plaintiff can then translate that time, if necessary, to Eastern Standard Time.

    3. Interrogatory #3

Plaintiff's third interrogatory seeks detailed information regarding "all employees or agents of Defendant who were associated with any call placed to the telephone number (562) 882-0300 during the subject time frame." (Document No. 18, p.6). In response, Defendant stated that it was providing supplemental responses to this interrogatory. (Document No. 14, pp.7-8). Plaintiff's

reply fails to describe the receipt, or adequacy, of Defendant's supplemental responses, but suggests that a "proper response to interrogatory #3" has yet to be provided. (Document No. 18, p.6).

The undersigned views interrogatory #3 as a separate and distinct request from the information required under Fed.R.Civ.P. 26(a)(1)(A)(i), although there may certainly be some overlap in the individuals identified. To the extent it has not already done so, Defendant must identify and provide to Plaintiff, on or before **April 20, 2012**, the names and addresses of "all employees or agents of Defendant who were *associated with any call* placed to the telephone number (562) 882-0300 during the subject time frame."

    4. <u>Request for Production #7</u>

Finally, Plaintiff seeks to compel the production of "a copy of all agreements for the collection of debts between you and the alleged creditor(s) of the account(s) that you were attempting to collect from the Plaintiff." (Document No. 10, p.5). Defendant has objected to this request stating that it is not calculated to lead to the discovery of admissible evidence and that it seeks information that is confidential and proprietary. (Document No. 10, p.5). Defendant essentially argues that its contractual relationships with its clients has no bearing on the claims asserted by Plaintiff in this lawsuit. (Document No. 14, pp. 8-9). The undersigned agrees.

After careful consideration of the parties' arguments, the undersigned is not persuaded that the information sought by this request is relevant, and will therefore deny this part of Plaintiff's motion without prejudice. The Court encourages the parties to confer, and to attempt to resolve their dispute as to this issue with some form of redacted production, and/or a consent protective order, and/or through other means. At this time, the undersigned does not foresee requiring Defendant to produce the details of its agreements with its clients.

**B. Defendant's Motion To Compel**

1. Interrogatory No. 3

Defendant first seeks information regarding Plaintiff's employment during the events alleged in the Complaint, and the immediately preceding five year period. (Document No. 12, p.2; Document No. 13, p.2). Plaintiff contends his employment history is irrelevant to this case. (Document No. 21, pp.3-5). Defendant, in turn, argues that the telephone number at issue in this case was listed as Plaintiff's place of employment number in some document(s). (Document No. 22, p.2).

The undersigned is not particularly persuaded by either party's position on this issue. If in fact Defendant has previously identified or used (562) 882-0300 as the telephone number for his place of employment, then Plaintiff shall provide Defendant the requested information regarding his employment during the subject time frame, that is the four (4) years prior to the filing of the Complaint in this action, on or before **April 20, 2012**. If there is no link between this telephone number and Plaintiff's employment, then the request to compel a response to Defendant's Interrogatory No. 3 is denied without prejudice.

2. Interrogatory No. 16

Next, Defendant asserts that Plaintiff's responses to Interrogatory No. 16 fail to provide "a quantitative amount of damages" or specifically outline the number of calls Plaintiff contends were made in violation of the TCPA, or specify the number of violations under the North Carolina debt collection statutes. (Document No. 12, p.3).

It appears to the undersigned that Plaintiff's supplementation provided on or about September 6, 2011 is an adequate response, at least for now. (Document No. 12, p.3; Document No. 21, pp.5-6). However, the undersigned will require Plaintiff to further supplement his response at the completion of discovery in this matter.

5

3. Request No. 16

Defendant has also requested "[a]ll documents concerning or relating to other collection calls received by you from other parties at telephone number (xxx) xxx-0300." (Document No. 13, p.3). Defendant contends that this information is relevant as to Plaintiff's claim that he incurred charges for calls or texts from Defendant. Plaintiff objects, stating that the received calls from other creditors or debt collectors are no more relevant than calls from his mother or any other person. (Document No. 21, p.7).

The undersigned finds that each party has made valid points here. The undersigned agrees with Plaintiff that for purposes of this interrogatory it is irrelevant whether he received calls from his mother or other debt collectors; however, how Defendant's calls affected Plaintiff's "bucket of minutes," and how that allegedly resulted in Plaintiff incurring damages is relevant to this lawsuit.

As such, the undersigned will deny the motion to compel responses to this interrogatory to the extent it seeks information only concerning or relating to collection calls. Instead, Plaintiff must produce documents showing the number of calls and minutes used for all time periods in which Plaintiff alleges Defendant's communications caused charges to be made to him in its attempt to collect on a debt or alleged debt. See (Document No. 1, ¶ 47). Plaintiff shall also describe in detail the number of calls and/or minutes allowed by his telephone service plan during any of those time periods, and/or otherwise describe how Defendant's calls caused him damages. Plaintiff shall provide this information on or before **April 20, 2012**.

4. Request No. 18

Defendant originally requested that Plaintiff provide "all documents received from you from any telecommunications service provider regarding telephone number (xxx) xxx-0300." (Document No. 13, p.4). Defendant has since narrowed the request to "all billings and call histories regarding

this cellular phone account" for the subject time period. Id. Plaintiff still objects that the request remains overly broad.

It appears to the undersigned that this Court's Order regarding Request No. 16 above may also satisfy the information sought by Defendant's Request No. 18. As such, the undersigned will deny without prejudice Defendant's motion to compel a response to this request.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel" (Document No. 10) is **GRANTED** in part and **DENIED** in part, as described herein.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Compel..." (Document No. 12) is **GRANTED** in part and **DENIED** in part, as described herein.

**IT IS FURTHER ORDERED** that the parties' requests for sanctions are **DENIED WITHOUT PREJUDICE**. The Court may revisit these requests *sua sponte*, or on a proper motion, at a later date.

**SO ORDERED**.

Signed: March 29, 2012

David C. Keesler
United States Magistrate Judge