IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-059-RLV-DCK

| | |
|---|---|
| MATT JENKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER |
| G.C. SERVICES, L.P., | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Intervene" (Document No. 27) filed April 25, 2012. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

The pending motion was filed by counsel for James T. Ward, Sr. (the "Trustee"), the Chapter 7 trustee for Matthew Alan Jenkins ("Plaintiff" or "Jenkins") in case number 12-50413, currently pending before the United State Bankruptcy Court for the Western District of North Carolina. No response has been filed to the "Motion To Intervene," and the time to do so lapsed on May 14, 2012. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

On April 28, 2011, the Complaint (Document No. 1) was filed asserting claims against G.C. Services, L.P., ("Defendant") for, *inter alia*, violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and the Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers, N.C. Gen. Stat. § 58-70, that allegedly took place within four years of the date of the Complaint.

(Document No. 1, pp.1-2).

On April 11, 2012, Jenkins filed a voluntary petition (the "Petition") for relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"), initiating bankruptcy case number 12-50413 (the "Bankruptcy Case"). The Trustee has been appointed as the Chapter 7 bankruptcy Trustee for the Bankruptcy Case. Through the instant motion, the Trustee seeks to intervene as a matter of right as the real party in interest in this litigation. (Document No. 27).

## DISCUSSION

The Bankruptcy Code provides that a bankruptcy trustee serves as "the representative of the estate" with the capacity "to sue and be sued." 11 U.S.C. § 323. Upon the filing of a bankruptcy petition, a bankruptcy estate is created consisting of, among other things, all legal or equitable interests in property as of the commencement of the Bankruptcy Case. 11 U.S.C. § 541(a). Such property includes causes of action belonging to the debtor when the bankruptcy case was filed. Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (citing Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir.2003)). As explained by the Eleventh Circuit, "[g]enerally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." Id.

Federal Rule of Civil Procedure 17 requires that actions be prosecuted "in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1). When a petition is filed, the bankruptcy trustee becomes the proper party in interest to pursue any legal or equitable claims that reflect property of the bankruptcy estate. Sigmon v. Potter, 2008 WL 486589 (W.D.N.C. Feb. 19, 2008) (quoting Parker, 365 F.3d at 1272)). Put differently, once a bankruptcy petition is filed, the bankruptcy

2

debtor loses standing to pursue causes of action that constitute property of the estate. Id.; Johnson v. Mitchell, 2011 WL 1586069 at *9-10 (E.D. Calif. Apr. 25 2011) (quoting Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1097 (E.D. Calif. 2010)); In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 375 B.R. 719, 725 (S.D.N.Y. 2007). Therefore, only the trustee, as the representative of the debtor's bankruptcy estate, has standing to prosecute claims that are property of the estate. 11 U.S.C. § 323.

The Trustee's instant motion reflects a timely request to intervene in this action given the short period of time that has elapsed since date of the Petition and the date herein. Furthermore, the Trustee has shown that, given his appointment in the Bankruptcy Case, he has an interest in this action premised on Section 323 of the Bankruptcy Code. The Trustee is required by Section 704(a)(1) to liquidate Jenkins' pre-petition assets, including the claims asserted in this action, but his ability to do so will be impaired and impeded unless he is permitted to intervene in this matter. Because any recovery will necessarily reflect an estate asset, it is essential that the Trustee be able to control prosecution of the claims that are both the subject of this litigation and property of Jenkins' bankruptcy estate. No party in this case, including Jenkins, holds the same interests, and those interests are not adequately represented by any other party.

In sum, given the Trustee's appointment by the Bankruptcy Court, and given the provisions of Rule 17 and Section 323 of the Bankruptcy Code, the Trustee should be permitted to intervene in this action in order to fulfill his duty to marshal estate assets.

**IT IS, THEREFORE, ORDERED** that the "Motion To Intervene" (Document No. 27) is **GRANTED**, such that the Trustee shall be permitted to intervene in this case as the real party in interest with respect to the claims asserted in the Complaint.

Signed: May 16, 2012

*[signature]*

David C. Keesler
United States Magistrate Judge

4