IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
C.A. NO. 5:11-CV-00059-RLV-DCK

MATT JENKINS,

    Plaintiff,

v.

G.C. SERVICES, L.P.,

    Defendant.

## CONSENT MOTION TO AMEND PRETRIAL ORDER AND CASE MANAGEMENT PLAN

**NOW COME** Defendant G. C. Services, Limited Partnership (misdesignated in this action as being G.C. Services, L.P. and hereinafter "GC") and James T. Ward, Sr. (hereinafter "Trustee") chapter 7 bankruptcy trustee for Plaintiff, and real party in interest, both by and through undersigned counsel, and jointly move the Court to amend the Pretrial Order and Case Management Plan to extend the discovery, ADR, and dispositive motions deadlines set forth in this Court's March 16, 2012 Order. In support of their motion, the parties show the Court the following:

1. On March 16, 2012, the Court entered an Order [Dkt #20] extending the deadlines set forth in the Pretrial Order and Case Management Plan as follows:

    Discovery Deadline             May 31, 2012
    ADR Deadline                    June 15, 2012
    Dispositive Motions deadline   July 6, 2012

2. On April 11, 2012, Plaintiff filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina, case number 12-50413. The Trustee was duly appointed as Chapter 7 Trustee of the Plaintiff's bankruptcy estate.

3.     On May 16, 2012, the Court entered an Order [Dkt #29] granting the Trustee's Motion to Intervene, and substituting the Trustee as the real party in interest with respect to the claims asserted in the complaint, pursuant to Rule 17 of the Federal Rules of Civil Procedure and 11 U.S.C. §§ 323 and 541.

4.     The parties have agreed to settlement of all claims in this matter.

5.     However, due to Plaintiff's bankruptcy filing, any settlement must be approved by the Bankruptcy Court, after notice and opportunity for a hearing.

6.     On May 30, 2012, the Trustee filed an *Ex Parte* Motion for Order Authorizing Trustee to File Motions to Settle Litigation Matters Under Seal in the Plaintiff's bankruptcy case, a true and accurate copy of which is attached hereto as **Exhibit A**.

7.     Upon the Bankruptcy Court's ruling on the above motion, the Trustee will file a Motion to Approve Settlement, under seal, with the Bankruptcy Court.

8.     As such, the parties request that the deadlines set forth in the Court's March 16, 2012 Order be extended to a date to be determined later, if necessary, after the Bankruptcy Court rules on the Trustee's Motion to Approve Settlement to be filed with the Bankruptcy Court.

Respectfully submitted and consented to, this the 31st day of May, 2012.

| | |
|---|---|
| /s/ Caren D. Enloe | */s/ A. Cotten Wright* |
| Caren D. Enloe | A. Cotten Wright |
| of MORRIS MANNING & MARTIN, LLP | Grier Furr & Crisp, PA |
| N.C.S.B. #17394 | N.C.S.B. #28162 |
| Post Office Box 12768 | 101 North Tryon Street, Suite 1240 |
| Research Triangle Park, NC 27709 | Charlotte, NC 28246 |
| Telephone: (919)806-2969 | Phone: (704) 332-0207 |
| cenloe@mmmlaw.com | cwright@grierlaw.com |
| *Attorneys for G. C. Services, Limited Partnership* | *Attorneys for James T. Ward, Chapter 7 Trustee* |

2

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re:<br><br>Matthew Alan Jenkins,<br>f/d/b/a Shephard Service Company,<br><br>Debtor. | Case Number: 12-50413<br><br>Chapter 7 |

### *EX PARTE* MOTION FOR ORDER AUTHORIZING TRUSTEE TO FILE MOTIONS TO SETTLE LITIGATION MATTERS UNDER SEAL

James T. Ward, Sr., the trustee (the "Trustee") in the above-referenced bankruptcy case, through counsel, hereby presents this *Ex Parte Motion for Order Authorizing Trustee to File Motions to Settle Litigation Matters Under Seal* (the "Motion"), and in support thereof, respectfully represents as follows:

### BACKGROUND

1. The debtor (the "Debtor") filed his voluntary petition ("Petition") (D.E. 1) for relief pursuant to chapter 7 of the Bankruptcy Code on April 11, 2012 (the "Petition Date"), which case was assigned to the Trustee.

2. The Debtor's Petition reflected a bare-bones filing. On April 24, 2012, the Debtor filed his initial bankruptcy schedules and statement of financial affairs (D.E. 33) (the "Bankruptcy Papers").[1]

3. The Bankruptcy Papers indicate that the Debtor has a history of litigation against debt buyers, debt collectors, and his creditors. According to the Bankruptcy Papers, as of the Petition Date, the Debtor was a party to multiple litigation matters pending before either of the United States District Courts for the Eastern or the Western the Districts of North Carolina

---

[1] The Debtor amended his Bankruptcy Papers on April 30, 2012 (D.E. 45).

(respectively, the "E.D.N.C." and the "W.D.N.C."). Among those lawsuits were the following:

- *Jenkins v. RJM Associates LLC,* Case No. 5:10-CV-27, W.D.N.C.;

- *Jenkins v. M.R.S. Associates, Inc., MRS BPO, LLC,* Case No. 5:10-CV-121, W.D.N.C.;

- *Jenkins v. G.C. Services, L.P.,* Case No. 5:11-CV-59, W.D.N.C.;

- *Jenkins v. Pro Consulting Services Inc.,* Case No. 5:11-CV-178, W.D.N.C.;

- *Jenkins v.* CACH LLC, et al., Case No. 5:11-CV-579 (E.D.N.C.);

- *Jenkins v. Federated Financial Corporation of America, Inc., et al.,* Case No. 5:11-CV-496-F, E.D.N.C.;

- *Jenkins v. Aegis Receivables Management Inc.,* Case No. 5:12-CV-25, W.D.N.C.; and

- *Jenkins v. Nationwide Credit, Inc.,* Case No. 5:12-CV-87 E.D.N.C.

(collectively, the "Litigation Matters"). In the Litigation Matters, the Debtor alleged various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the North Carolina Collection Agency Act, N.C. Gen. Stat. §§ 58-70-1, *et seq.*

4.      Since the Petition Date, the Trustee has filed motions to intervene as the real party in interest in each of the Litigation Matters. As of this writing, Orders granting the Trustee's motions to intervene have been entered in the W.D.N.C. Litigation Matters but remain pending in the E.D.N.C. Litigation Matters.

5.      Meanwhile, the Trustee has entered into settlement negotiations with respect to the Litigation Matters and has reached agreements to settle with certain of the defendants (collectively, the "Settling Defendants") in the Litigation Matters (collectively, the "Settlements"). Each of the Settling Defendants has requested confidentiality with respect to each agreed-to settlement based on the sensitive commercial information implicated in the

Settlements.

6. Rule 9019 of the Fed. R. Bank. P. requires that the court may approve a compromise or settlement on motion by the trustee and after notice of hearing. R. 9019(a). Creditors must be given 21-days notice of motions to approve settlements pursuant to Fed. R. Bankr. P. 2002(a)(3).

## RELIEF REQUESTED

7. By this Motion, the Trustee requests entry of an Order permitting the Trustee to file motions to approve the Settlements under seal so as to protect the Settling Defendants from disclosure of sensitive commercial information implicated in the Settlements.

## BASIS FOR RELIEF

8. This Motion is brought pursuant to 11 U.S.C. § 107 applicable to public access to papers. Section 107 permits a party in interest to obtain protection for a trade secret or confidential research, development, or commercial information. § 107(b)(1). Fed. R. Bankr. Rule 9018 relative to secret, confidential, scandalous, or defamatory matter permits the Court to "with or without notice" make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or confidential research, development, or commercial information . . . ." R. 9018. By its terms, motions pursuant to Rule 9018 may be brought on an *ex parte* basis.

## ARGUMENT

9. Section 107(b) does not require a party seeking to file motions under seal to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the

material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27 (citation omitted) (emphasis in original). Commercial information, one of the enumerated types of material that may be protected, has been defined as information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id.*

10. The majority of the Settling Defendants in the Litigation Matters are debt collectors and debt buyers. The Debtor's complaints against those Settling Defendants were based on allegations of violations of the FDCPA, the TCPA and/ or the North Carolina Collection Agency Act. Each of those Settling Defendants has denied that it is liable to the Debtor on any of the claims that the Debtor asserted. Nevertheless, certain of the Settling Defendants have agreed to settle the claims that the Debtor brought against them, provided that the terms of such Settlements are kept confidential.

11. The Trustee is informed and believes that this request for confidentiality is based on the Settling Defendants' objective of maintaining the confidentiality of certain commercial information, *e.g.*, the possible "value" of any lawsuit that the Settling Defendants may be forced to defend. This information is likely to be of interest to the Settling Defendants' competitors as well as to future potential plaintiffs, to the disadvantage of the Settling Defendants. The Trustee is further informed and believes that the Debtor has entered into confidential settlements of claims similar to those asserted in the Litigation Matters in pre-petition litigation against defendants similar to the Settling Defendants in the Litigation Matters.

12. The Settling Defendants have been informed, however, that the Trustee will be required to indicate the origin and amount of any settlement proceeds received by the bankruptcy estate in the Trustee's interim reports and final report.

13.     The Trustee maintains that settling the Litigation Matters reflects the best interests of the bankruptcy estate as opposed to fully litigating each such proceeding in either of the E.D.N.C. or the W.D.N.C. Because the Settlements are predicated on confidentiality, the Trustee asserts that entry of an Order authorizing the motions to approve those Settlements to be filed under seal would be appropriate given the circumstances of this case. In addition, such an Order would reflect the mandate set forth in Section 107(b)(1) and the policy behind that statute.

14.     For these reasons, the Trustee requests entry of an Order authorizing the Trustee to file any motions to approve settlements under seal such that the same may only be accessible to those parties who have requested service in this bankruptcy case. A copy of the Trustee's proposed order is attached here as Exhibit A.

WHEREFORE, the Trustee prays that the Court will enter an Order granting this Motion, authorizing the Trustee to file any motions to approve settlements under seal, and granting such further relief as may be just and proper.

This is the 30th day of May, 2012.

/s/ A. Cotten Wright
A. Cotten Wright (State Bar No. 28162)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Phone: (704) 332-0207
Fax: (704) 332-0215
Email: cwright@grierlaw.com

*Attorneys for James T. Ward,*
*Chapter 7 Trustee*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In re:

Matthew Alan Jenkins,
f/d/b/a Shephard Service Company,

Debtor.

Case Number: 12-50413

Chapter 7

## ORDER GRANTING *EX PARTE* MOTION FOR ORDER AUTHORIZING TRUSTEE TO FILE ANY MOTIONS TO SETTLE LITIGATION MATTERS UNDER SEAL

This matter came before the Court on the *Ex Parte Motion for Order Authorizing Trustee to File Any Motions to Settle Litigation Matters Under Seal* (the "Motion"). The Court has reviewed the Motion and the record in this case and has determined that the Motion requesting protection of commercial information pursuant to 11 U.S.C. § 107(b)(1) should be allowed.

IT IS, THEREFORE, ORDERED that the Motion is GRANTED and the Trustee is authorized to file any motions to approve settlements of any pre-petition Litigation Matters as set forth in the Motion under seal.

This Order has been signed
electronically. The judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court